OPINION OF THE COURT
Chief Judge Cooke.
Defendant was convicted, after a jury trial, of murder in the second degree (Penal Law, § 125.25), in connection with the brutal stabbing of 72-year-old Edna Boose. On appeal, he maintains that the admission into evidence of statements, identifying him as the attacker, made by Mrs. Boose while and immediately after being stabbed constituted reversible error. The order of the Appellate Division upholding the conviction should be affirmed. The statements of Mrs. Boose were properly received in evidence as spontaneous declarations, notwithstanding that some of them were made in response to questions posed by a person coming to her aid.
The victim resided with her husband in a fourth floor apartment in Manhattan. Defendant, who had previously resided with the couple, was well known in the neighborhood. To support himself, defendant sold watermelon slices in front of his brother Rudy’s store on the ground floor of the apartment building and used a knife and an ice pick in his business.
On the morning of the crime, defendant was observed in the lobby of the building. One hour later as Charles Simpson, Mrs. *496 Boose’s brother and next door neighbor, was returning to his apartment, he heard muffled screams emanating from his sister’s rooms. Drawn by the sound of his sister’s voice, Simpson approached her apartment door and inquired, "What is the matter, Edna?”. A voice he identified as that of his sister cried out, "Please help me get out. Somebody get me out.” "Mr. Eddie is trying to kill me.” Simpson shouted "What?” and the deceased screamed, "Eddie, Rudy’s brother downstairs.” As Mrs. Boose screamed for assistance, Simpson pushed on the door causing it to open slightly. However, it was immediately slammed shut and locked.
Simpson repaired to his own apartment to drop off some packages and returned to his sister’s aid. Finally, after strenuous effort, he forced the apartment door open. Simpson quickly pulled his sister, an ice pick without its handle protruding from her chest, through the apartment door. While being dragged into the hallway, Mrs. Boose told her brother, "Don’t go in there.” Simpson asked, "What is the matter?” and the deceased replied, "Eddie will kill you.” Defendant was observed hurrying down the fire escape immediately after the crime. A knife and an ice pick handle were found in a flower pot on the fire escape.
At trial, defendant objected to the introduction of the statements of Mrs. Boose on the ground that they constituted inadmissible hearsay. The hearsay rule, of course, forbids the use of an assertion made out of court as testimony to the truth of the fact asserted (Richardson, Evidence [10th ed— Prince], § 201; People v Settles, 46 NY2d 154, 166). However, exceptions to this general exclusion have arisen in instances where there is a genuine necessity for the evidence and the circumstances surrounding the out-of-court statement assure its trustworthiness. Statements admitted pursuant to these exceptions derive their vitality not from the veracity of the declarant, but rather from their relation to the transaction from which they spring (see 6 Wigmore, Evidence [3d ed], § 1747).
One of the better-known exceptions to the injunction against the reception of hearsay testimony permits the introduction of a spontaneous declaration or excited utterance[1]— *497 made contemporaneously or immediately after a startling event — which asserts the circumstances of that occasion as observed by the declarant (see People v Caviness, 38 NY2d 227, 231-232; People v Marks, 6 NY2d 67, 71-72, cert den 362 US 912; Fisch, New York Evidence [2d ed], § 1000). Underlying this exception is the assumption that a person under the influence of the excitement precipitated by an external startling event will lack the reflective capacity essential for fabrication and, accordingly, any utterance he makes will be spontaneous and trustworthy (but see Hutchins & Slesinger, Some Observations on the Law of Evidence: Spontaneous Exclamations, 28 Col L Rev 432, 437). Since the utterance is made as a direct result of sensory perception during that brief period when considerations of self-interest cannot be immediately brought to bear, the declaration may be admitted into evidence as expressing the true belief of the declarant as to the facts observed (People v Marks, supra; Richardson, Evidence [10th ed — Prince], § 281).
The admissibility of an excited utterance is entrusted in the first instance to the trial court. In making that determination, the court must ascertain whether, at the time the utterance was made, the declarant was under the stress of excitement caused by an external event sufficient to still his reflective faculties, thereby preventing opportunity for deliberation which might lead the declarant to be untruthful. The court must assess not only the nature of the startling event and the amount of time which has elapsed between the occurrence and the statement, but also the activities of the declarant in the interim to ascertain if there was significant opportunity to deviate from the truth. Above all, the decisive factor is whether the surrounding circumstances reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection.
Tested by these criteria, we find no error in the admission of the statements of Mrs. Boose. The first set of statements — in which defendant was identified as her attacker — obviously were made when the victim was under the excitement and shock of being repeatedly stabbed in the chest with an ice *498 pick. The second set of statements, confirming the victim’s identification of defendant as her killer, followed hard upon the same event — a vicious stabbing — certain to produce the utmost in excitement and shock, thus ensuring the spontaneity of the utterance. Evidence, independent of the statements themselves, verified that the startling events had actually occurred. And, while these latter declarations were uttered after the attack had subsided, the declaration need not be coincident in time with the startling event (see Scheir v Quirin, 77 App Div 624, affd 177 NY 568; United States v Napier, 518 F2d 316, cert den 423 US 895). Where, as in the present case, the statements were uttered when emotional excitement continues to dominate and the reflective powers are still in abeyance, the declaration is properly admissible.
Defendant does not argue that Mrs. Boose was never under the sway of a startling event or that her excitement was dissipated at the time the second set of statements were made. Rather, he maintains that since the victim’s identification of her attacker was prompted by her brother asking her "What is the matter?”, the utterance was rendered distinctly narrative and therefore inadmissible. Case law in this State on this point is in conflict. Thus, in People v Del Vermo (192 NY 470, supra), a murder victim’s identification of defendant as his killer was admitted as a spontaneous declaration although uttered in response to a question (id., pp 487-488). Subsequent decisions, however, suggest that statements, even though made under the influence of nervous excitement, could not qualify as spontaneous declarations where brought forth by inquiries, however innocuous (Greener v General Elec. Co., 209 NY 135, 138; People v Sprague, 217 NY 373, 379).
It is unreasonable, however, to prohibit admission of these utterances in every instance in which they were prompted by a simple inquiry (see People v Arnold, 34 NY2d 548, 549; Richardson, Evidence [10th ed — Prince], § 283).[2] The natural reaction of any person arriving to aid one exposed to a startling event is to inquire "What happened?”. To pivot the *499 admissibility of a subsequent statement, however spontaneous, on the question of whether it was prompted by an equally spontaneous inquiry would serve no useful purpose. Instead, this is merely one of the factors to be weighed in determining whether the surrounding circumstances demonstrate that the utterance was instinctive. To be sure, if the question propounded or the identity of the questioner may suggest or influence the response of if it is asked an appreciable length of time after the startling event, the declarations might very well lack the inherent reliability basic to the rule. But where, as here, the responses are uttered under the stress of nervous excitement without opportunity for reasoned reflection, they should be submitted to the trier of fact. To the extent that Greener v General Elec. Co. (supra) and People v Sprague (supra) might be read to suggest a contrary result, they are disapproved.
Accordingly, the order of the Appellate Division should be affirmed.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.

. The development of this exception is marked by its constantly changing nomenclature. Initially, referred to as part of the res gestae (e.g., Ingersoll v Liberty Bank of Buffalo, 278 NY 1, 9; Handel v New York R. T. Corp., 252 App Div 142, affd 277 NY 548), subsequent decisions differentiated between a true res gestae statement and a *497 spontaneous declaration uttered in response to a startling event (e.g., People v Caviness, 38 NY2d 227-230; People v Del Vermo, 192 NY 470). Perhaps even more appropriate, however, is the term excited utterance, which has been adopted by the drafters of the Model Code of Evidence (rule 512) and the Federal Rules of Evidence (rule 803, subd [2]) (see, also, McCormick, Evidence [2d ed], § 297).

. We note that the vast majority of jurisdictions that have reached this issue have held that the fact that an inquiry has prompted an excited utterance or spontaneous declaration is not the sole determinant of admissibility, but rather merely one factor bearing on spontaneity (see United States v Glenn, 473 F2d 191; State v Woolery, 93 Ariz 76; People v Costa, 40 Cal 2d 160; People v Kelley, 29 Ill 2d 53; Bosin v Oak Lodge Sanitary Dist., 251 Ore 554; Commonwealth v Banks, 454 Pa 401; Autry v State, 143 Tex Crim 252; State v Kwan, 174 Wash 528; Phifer v State, 64 Wis 2d 24).