THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
SAMUEL M. HOLLOWAY, Appellant.

Third Department, November 6, 1980

APPEARANCES OF COUNSEL

*Raymond J. Urbanski* for appellant.

*D. Bruce Crew, III, District Attorney (Kevin M. O'Shea* of
counsel), for respondent.

**OPINION OF THE COURT**

HERLIHY, J.

The record contains ample proof that the defendant, a
prison inmate, struck a correction officer with a chair as that
officer was attempting to restore order in a mess hall. The
major issue at trial was the intent of the defendant to prevent

the officer from performing a lawful duty. The incident occurred in the context of a general inmate melee in the mess hall as the correction officers attempted to restore order.

The defendant was initially brought before the court for arraignment on the charge of assault in the second degree on August 10, 1978 and the indictment was read with a copy of the notice stating, *inter alia,* "that during the trial of this matter, the People intend to offer evidence of a statement made by the defendant to a public servant."

On September 20, 1978, the defendant was again arraigned in the presence of assigned counsel and at that time counsel requested and was granted a 45-day period to make motions.

On November 3, 1978, defendant's counsel advised the court that he had, *inter alia,* moved for "a suppression of a statement given by the defendant."

A *Huntley* hearing (CPL 710.60, subd 4) was held on February 21, 1978, at which time the prosecutor adduced evidence of an oral statement given by the defendant on July 11, 1978 to a member of the Bureau of Criminal Investigation. Subsequent to that hearing, the court issued a decision, filed February 23, 1979, which held that the oral statement given to the investigator was not involuntarily given.

Trial commenced on April 3, 1979 and in connection with the first witness to be called by him, the prosecutor furnished the defense counsel with a copy of the Grand Jury testimony of the witness, Correction Officer Watson. Defendant's counsel perused the testimony and immediately advised the court that he would object to any attempt by the prosecutor to elicit certain statements allegedly made by the defendant in the presence of the officers immediately following the melee. Defense counsel expressly noted that he had "requested a *Huntley* hearing with regard to all statements on this matter" and that there had never been any notice of the statements now at issue. The prosecutor took the position that the statements were part of the *res gestae.*

The primary issue upon this appeal is whether the trial court erred in concluding that two statements made by the defendant at the time of the mess hall disturbance (July 9, 1978) were exempt from the notice requirement of CPL 710.30, which provides, in part:

"1. Whenever the people intend to offer at trial (a) evidence of a statement made by a defendant to a public servant, which

statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20 * * * they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.

"2. Such notice must be served within fifteen days after arraignment and before trial, and upon such service the defendant must be accorded reasonable opportunity to move before trial, pursuant to subdivision one of section 710.40, to suppress the specified evidence. For good cause shown, however, the court may permit the people to serve such notice thereafter and in such case it must accord the defendant reasonable opportunity thereafter to make a suppression motion."

In an attempt to resolve the issue, the prosecutor made an offer of proof which included the testimony of Officer Watson.

With reference to the facts surrounding the incident, there was a major disturbance in the mess hall in which the defendant was involved, and after it had subsided, the defendant, in the course of being escorted from the hall, yelled the statements which he now seeks to have suppressed. It was further shown that all of the transactions took place in approximately two minutes and the statements were made within 20 to 30 feet of the hall.

The court, over objection of defense counsel and without the presence of the jury, conducted a hearing in which the witness Watson testified on direct and cross-examination as to these statements. The defense counsel then renewed his objection that he had received no notice of the statements.

On April 9, 1979, the trial once again resumed, after a five-day adjournment, and defense counsel immediately moved to suppress the July 9, 1978 statements for a failure of the prosecutor to give the notice required by CPL 710.30. The prosecutor responded to the matter by asserting that CPL 710.30 did not apply. The court denied the motion. Thereafter, the prosecutor elicited the oral statements from his witness.

The provisions of CPL 710.30 as to notice were designed to implement judicial decisions requiring a Judge to pass on the voluntariness of statements made by the defendant to peace officers (public servants) before the statements could be introduced in evidence at the trial. (See *Jackson v Denno,* 378 US 368; *People v Huntley,* 15 NY2d 72.) The prime purpose of the notice provision is to afford the defendant time to prepare his

case and for questioning the subject of the motion, to wit, the voluntariness of a confession or admission.

Upon the present record, the utterances were spontaneous declarations or excited utterances intimately connected with the defendant's act of hitting the correction officer (see *People v Edwards,* 47 NY2d 493, 496-497). Under these circumstances, the statements do not come within the notice requirement of CPL 710.30 because they were not made to a "public servant" and/or are not of such a nature as to be subject to a question of voluntariness *(People v Mitchell,* 40 AD2d 117, 120).

Where there is no question as to the voluntariness of a statement, such as with a *res gestae* statement, the Court of Appeals has set forth the test to determine the admissibility of a spontaneous declaration or excited utterance made contemporaneously or immediately after a startling event. In the first instance, such determination is for the trial court which must ascertain such factors as the nature of the startling event, the amount of time which has elapsed between the event and the declaration and any activities of the declarant which may indicate deviation from the truth. *(People v Edwards, supra,* pp 496-497.) In *People v Edwards (supra,* p 497), the court further observed: "Above all, the decisive factor is whether the surrounding circumstances reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection." Here the court determined that the statements were made within the framework of the rule enunciated in *People v Edwards (supra).*

The defendant, at the trial, denied such statements, but that issue was one of credibility for a jury's determination. There was no allegation that the statements resulted from coercion or duress and the record would not support such a contention, if made. The record indicates that the defendant's objections were based solely upon surprise, lack of notice pursuant to the statute and a denial that the statements were made. There is no proof that the statements were made involuntarily.

While it might be argued that the better procedure would have been for the prosecutor to give notice pursuant to the statute, such failure, under the present circumstances, was not error. In the absence of the jury, the court gave the defendant and his counsel ample opportunity to cross-examine the witness who testified to the statements in issue.

We have examined the other alleged errors raised by the defendant and they are without merit. The record, considered

in its entirety, establishes that the defendant received a fair and impartial trial.

The judgment should be affirmed.

GREENBLOTT, J. P., MIKOLL and CASEY, JJ., concur with HERLIHY, J.; KANE, J., concurs in the result only.

Judgment affirmed.