■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY TAYLOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered February 28, 1984, convicting him of murder in the second degree and criminal possession of a weapon in the third degree (two counts), after a nonjury trial, and imposing sentence.

Judgment affirmed.

On August 9, 1982, Butch Waddell, an inmate at the Tappan Facility of Sing Sing Prison in Ossining, New York, was stabbed in the throat. Correction Department personnel who were assisting him after the stabbing saw him twice write the word "Love" in a pool of his own blood on the floor. One writing was in response to the question "Who did this to you?". During the ambulance ride to the hospital, the victim expressed his belief that he was going to die and he did, in

fact, die due to an extreme loss of blood and asphyxiation. Evidence established that the defendant Gary Taylor was known in the prison under the nickname "Love" and was the person who attacked Butch Waddell with a knife.

The sole issue presented on this appeal is whether the trial court's admission into evidence of the testimony as to the writings in blood under the dying declaration or excited utterance exceptions to the hearsay rule was proper. We find that such was proper under either theory. Waddell's writings were made within a very short period of time from the attack upon him, his injuries rendered him in extremis and he expressed a clear sense of impending death. He would, if still living, be competent as a witness so that the necessary requirements under the dying declaration exception to the hearsay rule have been met (see, People v Liccione, 63 AD2d 305, affd 50 NY2d 850; Richardson, Evidence § 307 [Prince 10th ed]).

In addition, the admission of such writings as excited utterances was also valid since the victim was still under the stress of the attack which was in the nature of an extremely startling event which occurred only moments before the writings. Here, the surrounding circumstances more than warrant the finding that they were properly admitted (see, People v Edwards, 47 NY2d 493). Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.