■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANA D. RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered December 9, 1983, convicting her of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence of two concurrent indeterminate terms of imprisonment of 19 years to life.

Judgment affirmed.

The defendant offered to sell a kilogram of cocaine to a police informant who arranged for its sale to an undercover Long Island Drug Enforcement Task Force agent. The informant traveled with the defendant and her boyfriend to the place where they picked up the cocaine and then placed it in

the trunk of the car in which it was discovered by police after they were arrested.

The defendant's main contentions concern statements made by the prosecutor during summation and the court's charge to the jury. The record clearly indicates that the prosecutor stayed within the four corners of the evidence in his summation (see, People v Ashwal, 39 NY2d 105, 109), and that the jury, after hearing the entire charge, could gather from its language the correct rules to be applied in arriving at its decision (see, People v Gardner, 59 AD2d 913).

The defendant's contention that her entrapment defense (Penal Law § 40.05) was proven by a preponderance of the evidence (see, People v Calvano, 30 NY2d 199; Penal Law § 25.00 [2]), is without merit, as the issue of whether that defense was established was within the province of the jury (see, People v Tucker, 96 AD2d 893). Bearing in mind that credibility is a matter to be determined by the trier of the facts, when viewed in the light most favorable to the People, the evidence adduced at trial was sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932).

Finally, we note that the imposed sentence of two concurrent indeterminate terms of imprisonment of 19 years to life was an appropriate one within the limits of the sentencing statute. Therefore, modification is not warranted (see, People v Junco, 43 AD2d 266, 268, affd 35 NY2d 419, cert denied 421 US 951). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.