■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO BOYCE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered April 22, 1987, convicting him of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During a Wade hearing to suppress a hospital showup, the victim—who had been shot three times in the head—testified that he had, in fact, identified the defendant at the hospital as the shooter. The Trial Assistant, however, informed the court that it was his position—based, inter alia, upon certain police reports—that no such identification had been made by the victim. Although the People agreed that they would adduce no evidence in respect to the hospital showup as part of their direct case at trial, defense counsel on cross-examination elicited the victim's testimony that he had identified the defendant at the hospital and thereafter, in order to impeach the victim's credibility, elicited the conflicting testimony of a police officer who was present at the hospital that no such identification was made.

On appeal, the defendant argues, inter alia, (1) that the victim's testimony in which he identified the defendant was unworthy of belief in light of the officer's testimony; and (2) that the People were under a duty to correct the victim's allegedly false testimony—elicited by defense counsel himself

—that an identification was made at the hospital. We disagree.

Although the police officer who was present at the hospital testified that the victim made no identification of the defendant as the shooter—testimony which differed from the victim's testimony that he had made such an identification—these conflicting accounts, which were elicited and fully explored by defense counsel on cross-examination, merely created a question for the jury, whose resolution of the issue we decline to disturb on appeal. We note, moreover, that the evidence concerning the defendant's identity as the shooter was particularly compelling. The victim testified that he was employed as a porter and resided in the same building in which the defendant lived and that he had known the defendant for some three years prior to the commission of the crime. Further, there was testimony, properly admitted into evidence as an excited utterance (see, People v Edwards, 47 NY2d 493, 497), that immediately after being shot, the victim repeatedly exclaimed that the "guy from 117 killed me", referring to the defendant's apartment, in which he resided alone and where he was ultimately found by the police. In light of the foregoing, we conclude that the defendant's contentions in respect to the credibility of the victim's trial identification are unavailing.

We have reviewed the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.