■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY CONNERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Huttner, J.), rendered July 9, 1987, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant was convicted based upon the testimony of two eyewitnesses who claimed that the defendant had chased the victim from a building known as a "drug den", and hit the victim over the head with a bat. The injuries sustained by the victim resulted in his death. The defendant sought to admit into evidence a statement allegedly made by the victim to an acquaintance on the day in question to the effect that he had been mugged by three men. At a hearing held outside the presence of the jury, it was established that the witness approached the victim, who was sitting on a park bench. Upon seeing the witness, the victim asked the whereabouts of his cousin. Noticing that the victim, a known drug addict, had some blood on his face and other injuries, the witness asked what had happened. The victim was reluctant to answer, causing the witness to question the victim repeatedly, until he

got an answer. The victim then gave a detailed account of an alleged attack by the three men outside a supermarket. The victim was not staggering or stumbling, and spoke clearly. The witness then convinced the victim to walk about 15 blocks with him to the hospital. While at the hospital, the victim gave another story to the police, differing, *inter alia,* in terms of the place of the incident and the manner in which he claimed to have been mugged.

We agree with the trial court that the defendant failed to show that the statement of the victim to his acquaintance constituted an excited utterance. Despite appearing bruised and battered, the victim did not seem concerned about the event which he claimed caused his condition, seeking to learn only the whereabouts of his cousin. He answered the witness's inquiry only after repeated questioning. He then gave a detailed account of what he claimed had occurred. Therefore, it cannot be said that this statement was made while under the stress or influence of the excitement caused by the alleged event, such that the victim's reflective capacity had been stilled *(see, People v Nieves,* 67 NY2d 125). Rather, it appears that the victim's statement was made under the "impetus of studied reflection" *(People v Edwards,* 47 NY2d 493, 497; *People v Brown,* 70 NY2d 513, 519).

Finally, we find that the defendant's claim that the sentence was excessive is without merit *(see, People v Sanchez,* 131 AD2d 606, 609, *lv denied* 70 NY2d 717; *People v Suitte,* 90 AD2d 80). Thompson, J. P., Lawrence, Eiber and Spatt, JJ. concur.