■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT McNEIL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered November 22, 1988, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The instant case arises from a robbery during which the defendant approached the complainant with a knife, struggled with her, took her purse and keys, and drove off in her car. Contrary to the defendant's contention, we find no error in the trial court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371). It is clear that the trial court balanced the probative worth of the impeachment material against the risk that it might be taken as an indication of a propensity to commit the crime charged and the possibility that the defendant would be deterred from taking the stand.

We also reject the defendant's challenge to the admission into evidence of a bystander witness's statement as an excited utterance. A witness testified at the trial that a bystander witness had told him that the defendant had just robbed the complainant and asked for his assistance to chase the perpetrators. Whether a statement is admissible as an excited utterance depends upon whether the declarant was so influenced by the excitement or shock that it is probable that he or she spoke impulsively and without deliberation *(see, People v Edwards,* 47 NY2d 493, 497). Here, the trial court properly found the bystander witness's statement was admissible pursuant to the spontaneous declaration exception to the hearsay rule since it was made under the stress of excitement, and

without time for reasoned reflection while a robbery was still in progress. It does not matter that the statement was made in response to a question (see, *People v Brown*, 70 NY2d 513, 522).

We have examined the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Rubin and Rosenblatt, JJ., concur.