◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD E. JONES, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Washington County (Leary, J.), rendered March 24, 1989, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, assault in the first degree, burglary in the first degree and criminal possession of a weapon in the fourth degree.

Defendant was convicted of, among other things, attempted murder in the second degree as a result of a brutal assault upon his estranged wife occurring on June 21, 1988 when he entered her home through a cellar window in the early morning hours and then attacked her. Defendant beat the victim while she lay in bed, threw her down a staircase, hit her with a lamp and a fan and struck her repeatedly with a knife. The injuries sustained by the victim consisted of cuts, a collapsed lung, irreversible brain injury, amnesia and partial paralysis on her right side. Defendant seeks reversal of his conviction based on, *inter alia,* the following allegations of error: the inflammatory testimony of the victim, failure of the People to produce evidence of defendant's intent on the burglary charge, improper instructions to the jury as to the elements of burglary and failure to suppress oral statements made by defendant.

On this appeal, defendant contends that the victim was called as a witness more to inflame the jury by the sight of her injuries and obvious disabilities, rather than for the probative value of her testimony because, having suffered amnesia, she had no recall of the events. We disagree. The victim's testimony was necessary and relevant to establish that defendant had no permission to enter the premises, a necessary element of the crime of burglary. The victim testified that she and defendant were separated, that she had no reason to expect defendant on the night of the event and that she locked the doors before retiring. We note further that though the victim suffered resultant serious injuries from the attack, no scars or obvious injuries were apparent at the time of trial. Her answers were coherent and relevant thus not highlighting her brain injury. We find that County Court did not abuse its discretion in allowing the victim to testify. Such discretion is best left to the trial court *(see, People v Bell,* 63

NY2d 796; *People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905; *People v Hunter,* 131 AD2d 877, *lv denied* 70 NY2d 875).

Defendant's contention that the People failed to prove defendant's intention to commit an unlawful act on the charge of burglary is belied by the record. The proof indicated that defendant made no appointment to visit his children as he was required to do, that he drove for three hours to reach the victim's home, that he broke into the home through a cellar window and that he immediately went to the victim's room and attacked her. Such circumstances could lead the jury to conclude, beyond a reasonable doubt, that defendant's true intent was to attack the victim and that this intent was formed contemporaneously with breaking in.

We also find no merit to defendant's contention that the charge to the jury on burglary was confusing and insufficient on the element of intent. County Court's instructions sufficiently set out the principles of law involved in the commission of a burglary, including the instruction that intent to commit a crime must be contemporaneous with the illegal entry.

Defendant's challenge to the admission of various statements made by him after the event is also meritless. In the first instance, defendant, upon his apprehension by the police, was read *Miranda* warnings and, after he was asked whether he understood his rights and whether he wished to make a statement, he responded, "Why don't you just kill me now?" Defendant alleges that the statement is suppressible because the police did not sufficiently inquire of defendant whether he understood his constitutional rights before he blurted out his statements. The officer fulfilled his obligation to defendant by apprising him of his rights. He was not required to silence defendant when he chose to talk *(see, People v Rivers,* 56 NY2d 476).

Thereafter defendant made statements to an ambulance worker while being treated. Defendant contends that the statements are inadmissible in that they were never offered at the *Huntley* hearing. We disagree. The District Attorney was under no obligation to inform defendant about admissions made to a private person who is not a police agent. A private person may acquire information to be used in a criminal investigation even where police would be constitutionally restrained *(People v Ray,* 65 NY2d 282; *People v Halloway,* 77 AD2d 122). Further, there is no evidence in the record from which it could be inferred that the ambulance worker was a

police agent. The statements were voluntarily made and were thus admissible.

Defendant also seeks to suppress a statement made by defendant to a nurse and overheard by the police. Where a statement is made in the presence of police which was not induced, provoked or encouraged by the police, it can be admitted into evidence *(People v Harris,* 57 NY2d 335). The record indicates that the officer was standing by while defendant was being treated and overheard defendant's unsolicited and incriminatory statement made to the nurse. Such statement is admissible.

We decline to discuss the other points raised by defendant, finding them to be without merit.

Judgment affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.