◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered February 26, 1988, convicting him of criminally negligent homicide, reckless driving and leaving the scene of an accident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). In this case the wholly circumstantial evidence from which the inference of the defendant's guilt was drawn, when perceived as a whole, is inconsistent with his innocence, and excludes to a moral certainty every reasonable hypothesis but that of guilt (see, People v Lewis, 64 NY2d 1111, 1112; People v Way, 59 NY2d 361, 365; People v Jimison, 145 AD2d 648).

The defendant contends that the trial court improperly limited the defense counsel's cross-examination of a witness concerning photographs which did not depict the defendant's automobile but depicted other automobiles with blue hoods. We disagree. Since the 13 photographs in question were not in evidence and were related to a collateral matter, the court did not improvidently exercise its discretion by limiting the defense counsel's cross-examination regarding those photographs

*(see, People v Basora,* 151 AD2d 588, 589, *affd* 75 NY2d 992; *People v Strawder,* 106 AD2d 672).

The defendant also contends that the trial court erred in permitting Officer Ruben Velez to testify as to what the decedent told him since it was evident that the officer questioned the decedent. We disagree. We find that the decedent's statement that he crossed the street and had the green signal to proceed fell within the excited utterance exception to the hearsay rule *(see, People v Edwards,* 47 NY2d 493, 497). That the decedent may have made his statement in response to a question posed by Officer Velez did not, under the circumstances, detract from the spontaneity of the utterance *(see, People v Brooks,* 71 NY2d 877; *People v Brown,* 70 NY2d 513; *People v Edwards, supra).*

The defendant further contends that the charge to the jury with respect to criminally negligent homicide was insufficient as the defendant could be found guilty thereunder for merely running a red light or speeding. We disagree. Viewing the charge as a whole, the jury could gather from its language the correct rules to be applied in arriving at its verdict *(see, People v Adams,* 69 NY2d 805; *People v Rodriguez,* 118 AD2d 878).

We have reviewed the defendant's remaining contentions and find them to be without merit. Brown, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.