■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MOORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered November 9, 1987, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that a statement may be admitted under the excited utterance exception to the rule against hearsay, provided that the declarant spoke "while under the stress or influence of the excitement caused by [an external] event, so that his reflective capacity was stilled" *(People v Nieves,* 67 NY2d 125, 135; *see, People v Brown,* 70 NY2d 513, 519; *People v Edwards,* 47 NY2d 493, 497). "[T]he decisive factor is whether the surrounding circumstances reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection" *(People v Edwards, supra,* at 497).

At the hospital, approximately 40 minutes after the victim had been shot in the back of the neck (a wound which ultimately caused his death), while the victim was being attended to by approximately five doctors and nurses, Detective McGill asked him, "Who shot you?". The victim answered in a nearly inaudible tone "Bubba, Bubba"; he then said "They left on the motorcycle". Under these circumstances, we find that the trial court's determination to allow this statement in as an excited utterance was proper. The "surrounding circumstances reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection" *(People v Edwards, supra,* at 497).

The defendant also argues that certain comments made by the prosecutor during summation denied him a fair trial. We note that most of the comments to which the defendant would now assign error went without objection and are therefore unpreserved for appellate review *(see,* CPL 470.05 [2]). To the extent that the issue is preserved, we find that the prosecutor's comments were either fair response to the defense summation, or, to the extent that any error may have existed, it was harmless in light of the overwhelming evidence against the defendant *(see, People v Crimmins,* 36 NY2d 230; *People v Roopchand,* 65 NY2d 837).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.