■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW FAUCETT, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered April 6, 1990, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On July 22, 1989, at approximately 3:00 A.M., while working as a gas station attendant, the complainant Clinton Williams, and his friend the complainant Kenneth Lynch, were accosted at gunpoint by the defendant Andrew Faucett, and his codefendant Thornell Harris. Harris and Faucett, who were wearing loose-fitting stocking masks at the time, forced Williams and Lynch to lie face-down on the floor of the gas station restroom. They then tied their hands together, robbed both Williams and Lynch, and threatened to shoot them if they moved within five minutes. Shortly after they left, the defendants returned with four gas station customers and again forced all of them to lie on the restroom floor, threatened to shoot them, and ordered them to wait five minutes before moving.

When Williams and the others finally got out of the restroom approximately four minutes later, Williams stated that he knew one of the robbers. When the police arrived, they questioned Williams, who again stated that he knew one of the robbers and identified him as "Chop", his "street name". Harris and Faucett were arrested approximately 10 days later when they returned to the gas station and were recognized by Williams, who called the police.

We disagree with the appellant's contention that the court improperly admitted Williams' testimony that upon exiting the restroom after the robbery, he stated that he knew one of the robbers. The Court of Appeals has consistently held that a statement may be admitted under the excited utterance exception to the rule against hearsay, provided the declarant spoke "while under the stress or influence of the excitement caused by [an external] event, so that his reflective capacity was stilled" *(People v Nieves,* 67 NY2d 125, 135; *see, People v Brown,* 70 NY2d 513, 519; *People v Edwards,* 47 NY2d 493, 497).* In the present case, the record amply demonstrates that at the time he spoke Williams lacked "the reflective capacity essential for fabrication" *(People v Edwards, supra,* at 497; *see also, People v McFarlane,* 181 AD2d 798), and his statement was not made "under the impetus of studied reflection" *(People v Edwards, supra,* at 497).

Similarly, Williams' testimony regarding his later statement to the police was properly admitted. The Court of Appeals has repeatedly refused to adopt a rule fixing an "arbitrary limitation on the permissible period between the event and the excited utterance" *(People v Brown, supra,* at 520; *People v*

*Brooks,* 71 NY2d 877). Here, the police arrived within 7 to 10 minutes of the robbery. The fact that the statement was made in response to questioning does not automatically render the statement inadmissible, but rather, is one of the factors to be considered *(see, People v Brooks, supra,* at 878; *People v Gonzalez,* 170 AD2d 620).

We also disagree with the appellant's contentions that the testimony of the other witnesses concerning Williams' statement was inadmissible and improperly bolstered Williams' testimony. "It is well settled that a witness's in-court testimony may not be supported and bolstered by proof of a prior consistent statement made out of court * * *. A limited exception to this rule is that prior consistent statements are admissible to counter charges of recent fabrication" *(People v Nicholson,* 168 AD2d 574, 575). Here, one of the appellant's contentions was that Williams' testimony describing the perpetrators, as well as his statement that he knew one of them as "Chop", was a recent fabrication since it was not contained in his initial statement for the police.

Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to prove the appellant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Miller, Pizzuto and Santucci, JJ., concur.