Smith, J.
(dissenting). Because I believe the evidence was insufficient to convict the defendant of attempted murder and related crimes, I dissent. The sole evidence against the defendant was a repudiated statement that the shooter was defendant Frank Fratello. Made by the victim, Guy Peduto, at the scene of the crime, the statement was admitted at trial as an excited utterance. Because the circumstances of this case cast doubt on the reliability of the witness and the statement, the evidence was insufficient and the indictment should be dismissed.
Peduto was shot from behind during a high speed car chase in the County of the Bronx, New York City on December 7, 1993. During the incident Peduto’s car crashed into two other vehicles which were parked in a driveway of a private residence. A witness to the incident, Dominic Cleary, went to the car which Peduto was driving and asked him what happened. The victim indicated that he had been shot by Frank Fratello. By an affidavit signed on December 13, 1993, Peduto repudiated the statement and insisted that Frank Fratello had not shot him. At trial Peduto testified that defendant had not been the shooter.
Normally, a statement is admitted as an excited utterance because it is made under stress and under conditions which indicate that it is reliable since it is made without reflection. In People v Edwards (47 NY2d 493, 497) we stated:
*576 “The admissibility of an excited utterance is entrusted in the first instance to the trial court. In making that determination, the court must ascertain whether, at the time the utterance was made, the declarant was under the stress of excitement caused by an external event sufficient to still his reflective faculties, thereby preventing opportunity for deliberation which might lead the declarant to be untruthful. The court must assess not only the nature of the startling event and the amount of time which has elapsed between the occurrence and the statement, but also the activities of the declarant in the interim to ascertain if there was significant opportunity to deviate from the truth. Above all, the decisive factor is whether the surrounding circumstances reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection.”
Here there was animosity between defendant and Peduto. The evidence was that defendant and Peduto knew each other from childhood and had been involved together in criminal activity. However, there had been a falling out between the two to such an extent that the victim had allegedly shot defendant and attempted to kill one of the defendant’s relatives. From the time of that incident, Peduto had to fear for his own safety. From the time the car chase began, it was reasonable for Peduto to suspect that the defendant was involved and to name him as the perpetrator whether or not there had been an actual sighting. Second, given the history and character of Peduto, any statement which he made, inculpatory or exculpatory, could not be found reliable beyond a reasonable doubt and constitute the sole basis for convicting defendant.
In none of the cases cited by the majority or the People was a repudiated statement, admitted as an excited utterance, used as the sole basis for conviction. In People v Brown (70 NY2d 513) statements by the deceased made to his mother and police prior to his death, identifying the persons who shot him, were admitted into evidence as excited declarations. The assailants were seen running from the scene of the shooting. The victim never repudiated the statement.
In People v Cotto (92 NY2d 68) a statement by the deceased identifying the shooter, made to the police as he lay dying in an ambulance, was admitted as an excited utterance. In that case the identification by an eyewitness was also admitted *577 even though the witness refused to identify the defendant at. trial. The statement by the dying victim was never repudiated.
In People v Edwards (47 NY2d 493, supra) the statements of a dying victim identifying the defendant as the person who stabbed her were admitted as excited utterances. The defendant was seen hurrying down the fire escape from the victim’s apartment. The victim never repudiated the statement.
In these cases the excited utterances were admissible because of their inherent reliability, the stress of the immediate situation and the fear of death. In each of these cases the victim died so that only their identifying statements remained. Here, in contrast, the victim is not dead and repudiated the statement accusing defendant of the shooting.
As stated, the reliability of Peduto is in doubt whatever his testimony. But the majority also discounts the rule followed in this Court that conflicting testimony by one witness is an insufficient basis on which to convict a defendant. “When all of the evidence of guilt comes from a single prosecution witness who gives irreconcilable testimony pointing both to guilt and innocence, the jury is left without basis, other than impermissible speculation, for its determination of either” (People v Jackson, 65 NY2d 265, 272; see also, People v Stewart, 40 NY2d 692, 699 [irreconcilable testimony by a single witness on the cause of death left the jury with no basis for concluding beyond a reasonable doubt that the defendant’s assault caused the death of the victim]).
Under the circumstances of this case, some type of corroboration was required to find the defendant guilty beyond a reasonable doubt. While corroboration is generally not necessary in admitting evidence of an excited utterance because its reliability is inherent in the circumstances in which it is made, those safeguards are absent here. In People v Brown (80 NY2d 729, 736) this Court required corroboration of statements made by a witness during a burglary and admitted at trial under the present sense exception to the hearsay rule. The statements consisted of the 911 tape of a telephone call made by the witness to the police. Just as the present sense impression required some corroboration in Brown, so here a repudiated identifying statement by a person with a motive to lie should be corroborated.
For these reasons, I dissent.
Chief Judge Kaye and Judges Bellacosa, Ciparick and Wes *578 ley concur with Judge Levine; Judge Smith dissents and votes to reverse in a separate opinion.
Order affirmed.