■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BRELAND, Appellant. [740 NYS2d 345] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 13, 2000, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was convicted of robbery in the first degree in connection with an incident that occurred on a Brooklyn street at approximately 1:45 A.M. on August 10, 1999. The defendant allegedly struck the complainant in the head with a handgun, knocking him down to the ground, and removed $50 from his pocket. At trial, the complainant testified that immediately after the robbery, he ran from the scene to look for his uncle, for whom he had been waiting. At some point, the complainant stopped to rest on a park bench. After about 5 to 10 minutes, the complainant observed the defendant and a group of about 10 men coming toward him. The complainant then ran away, stopping at a public telephone about 15 blocks away, where he dialed the police emergency telephone number at 2:14 A.M.

We agree with the defendant's contention that the trial court erred in admitting into evidence the tape recording of the complainant's telephone call. The prosecution failed to establish that the complainant's statements to the police telephone operator fell within the "excited utterance" exception to the hearsay rule by showing that they were made "under the immediate and uncontrolled domination of the senses, and during the brief period when considerations of self-interest could not have been brought fully to bear by reasoned reflection" (*People v Brown,* 70 NY2d 513, 518 [internal quotation marks omitted]; *see, People v Nieves,* 67 NY2d 125, 131). Based on the surrounding circumstances, including the amount of time that elapsed before the telephone call, the complainant's actions in the interim, and the lack of serious physical injury to the complainant, it cannot be reasonably concluded that the complainant lacked the capacity for reflection during that time,

notwithstanding that the complainant sounded upset on the tape of the telephone call (*see, People v Dalton,* 88 NY2d 561, 579-580; *People v Edwards,* 47 NY2d 493; *People v Marks,* 6 NY2d 67, *cert denied* 362 US 912).

This error cannot be deemed harmless, since the proof of the defendant's guilt was not overwhelming (*see, People v Crimmins,* 36 NY2d 230). Santucci, J.P., Smith, Goldstein and Friedmann, JJ., concur.