■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS DEMOTT, Appellant.—Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant was indicted for nine counts of sodomy in the first degree, three counts of sodomy in the second degree, nine counts of sexual abuse in the first degree and three counts of endangering the welfare of a child. The jury found defendant guilty of three counts of sexual abuse in the first degree (counts 3, 5, 7) and three counts of

endangering the welfare of a child (counts 22, 23, 24), but acquitted him of the remaining counts that were submitted to it. On a prior appeal, we affirmed the judgment of conviction *(see, People v Demott,* 178 AD2d 935, *lv denied* 79 NY2d 946). Thereafter, defendant petitioned for a writ of error coram nobis contending that his appellate counsel did not raise an issue on the first appeal that the jury verdicts were repugnant and that, had the issue been raised, defendant's conviction of sexual abuse would have been reversed. We granted that petition because we concluded that the repugnancy issue may have merit. We vacated our prior order and directed that this appeal be considered de novo *(see, People v Demott,* 185 AD2d 718).

On this appeal, defendant contends that, in light of the court's instructions, the jury's verdicts finding him guilty of three counts of sexual abuse in the first degree were inconsistent with and repugnant to his acquittal on the sodomy counts. We agree.

Initially, we note that the objection that the verdicts were repugnant was preserved for appellate review because defendant raised that issue before the jury was discharged *(see, People v Alfaro,* 66 NY2d 985; *People v Satloff,* 56 NY2d 745, *rearg denied* 57 NY2d 674; *People v Stahl,* 53 NY2d 1048; *People v Powell,* 171 AD2d 1026).

"Whether verdicts are repugnant or inconsistent (the difference is inconsequential) is determined by examining the charge to see the essential elements of each count, as described by the trial court, and determining whether the jury's findings on those elements can be reconciled" *(People v Loughlin,* 76 NY2d 804, 806). "[A] conviction will be reversed only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered" *(People v Tucker,* 55 NY2d 1, 7).

The court read to the jury the statutory definition of sodomy in the first degree and sexual abuse in the first degree. Sodomy in the first degree was defined to be deviate sexual intercourse either by forcible compulsion or where the victim was under 11 years of age. The trial court defined sexual abuse in the first degree to be sexual contact by forcible compulsion or where the victim is under 11 years of age for the purpose of gratifying the sexual desire of either party. The court then instructed the jury that "deviate sexual intercourse" under the sodomy counts and "sexual contact" under the sexual abuse counts both consisted of contact between the

penis and anus or mouth and penis. Further, the court instructed the jury that "the sexual abuse and sodomy allege the same basic acts". Thus, the jury was instructed that the elements of those two crimes were identical except that sexual abuse in the first degree required the additional finding that the sexual contact was for the purpose of gratifying the sexual desire of one of the parties. Because of that instruction, the jury's verdicts finding defendant guilty of three counts of sexual abuse in the first degree while acquitting him of sodomy in the first degree were repugnant and inconsistent. Finally, we have reviewed defendant's remaining contentions and find that none requires reversal. Therefore, we modify the judgment of conviction by reversing defendant's conviction of three counts of sexual abuse in the first degree, vacating the sentences imposed thereon, and dismissing counts three, five and seven of the indictment. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Sexual Abuse, 1st Degree.) Present—Callahan, J. P., Boomer, Lawton, Davis and Doerr, JJ.