■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES CRANE, Appellant. [661 NYS2d 679] —Spain, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered January 31, 1996, which resentenced defendant upon a verdict convicting him of the crimes of sodomy in the first degree (four counts), sexual abuse in the first degree (four counts) and endangering the welfare of a child (two counts).

Defendant was charged in an 18-count indictment with various crimes involving a 10-year-old victim and a six-year-old victim (hereinafter victim A and victim B). Following a jury trial, defendant was found guilty of four counts each of sodomy in the first degree and sexual abuse in the first degree and one count of endangering the welfare of a child for acts involving victim A. As to victim B, he was acquitted of four counts each of sodomy in the first degree and sexual abuse in the first degree, but was found guilty of one count of endangering the welfare of a child.

On appeal, defendant first argues—and the People agree—that the jury's verdict as it related to victim B, which found defendant guilty of endangering the welfare of a child, was inconsistent with and repugnant to his acquittal of the sexual abuse in the first degree charges. We agree. In our view, acquittal on the sexual abuse counts, which, as charged, contained an element of "sexual contact", was conclusive as to the endangering the welfare of a child count, which was also charged to the jury as requiring an identical finding as to the element of "sexual contact", for which defendant was found guilty (see generally, People v Demott, 188 AD2d 1068). Accordingly, the verdict is "inherently inconsistent when viewed in light of the elements of each crime as charged to the jury" and requires that the conviction for endangering the welfare of a child, as set forth in count 18 of the indictment, be set aside (People v Tucker, 55 NY2d 1, 4; see, People v Loughlin, 76 NY2d 804, 806).

Defendant next argues that his statements to the police should have been suppressed due to his intellectual limitations and his corresponding inability to understand the meaning of the Miranda warnings. It is settled that "[a]n effective waiver of Miranda rights may be made by an accused of subnormal intelligence so long as it is established that he or she understood the immediate meaning of the warnings" (People v Williams, 62 NY2d 285, 287). Upon our review of the record and affording due deference to the suppression court's credibility

determinations (*see, People v Prochilo*, 41 NY2d 759, 761), we do not find that defendant's apparent mental limitations negated his capacity to understand and waive the *Miranda* warnings and find that the denial of defendant's suppression motion regarding these statements was proper (*see, People v Pond*, 217 AD2d 721).

Finally, in view of the repulsive nature of these crimes, committed upon innocent children who were entrusted into defendant's care, coupled with defendant's prior convictions for crimes of a similar nature, we find that the sentence imposed on the remaining valid convictions was neither harsh nor excessive and decline to disturb it in the interest of justice. Nevertheless, while the legality of the sentence imposed is not affected, we find that because the aggregate maximum term of sentence of 60 years imposed here clearly exceeds the 50-year limitation provided in Penal Law § 70.30 (1) (e) (vi), the sentence should be recalculated accordingly by the Department of Correctional Services (*see, People v Moore*, 61 NY2d 575; *see generally, People v Leigh*, 232 AD2d 904, 905-906, *lv denied* 89 NY2d 1037; *People v Nusbaum*, 222 AD2d 723, 726, *lv denied* 87 NY2d 1023; *People v Deyo*, 222 AD2d 757).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crime of endangering the welfare of a child as specified in count 18 of the indictment; said count of the indictment is dismissed; and, as so modified, affirmed.