*41 OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered June 28, 2005 reversed, on the facts, and the accusatory instrument is dismissed.
Defendant’s conviction of endangering the welfare of a child was against the weight of the evidence, where he was acquitted of the remaining sexual abuse and forcible touching counts, and all of the charges were predicated upon the same prosecution theory that defendant “molested” the complainant by subjecting her to sexual contact (see People v Franco, 11 AD3d 710 [2004]; see also People v Crane, 242 AD2d 783 [1997]; cf. People v Snead, 302 AD2d 268 [2003] [endangerment count not predicated on “sexual contact” theory]). In view of the unitary nature of the People’s trial theory, the verdict was “inherently inconsistent when viewed in light of the elements of each crime as [presented] to the jury” (People v Crane, 242 AD2d at 783 [internal quotation marks omitted]).
McCooe, J.P, Schoenfeld and Klein Heitler, JJ., concur.