■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH M. McLAURIN, Appellant. [856 NYS2d 773]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered June 30, 2005. The judgment convicted defendant, upon a jury verdict, of obstructing governmental administration in the second degree and resisting arrest.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a joint trial with two codefendants, one of whom was his son, of obstructing governmental administration in the second degree (Penal Law § 195.05) and resisting arrest (§ 205.30). Both defendant and his son were charged with resisting the son's arrest, and defendant was also charged with, inter alia, obstructing governmental administration by acting to prevent the arrest of his son. Defendant's son was acquitted.

Defendant failed to preserve for our review his contention that the verdicts are repugnant based on the fact that his son was acquitted (see generally People v Maldonado, 11 AD3d 114 [2004], lv denied 3 NY3d 758 [2004]) and, in any event, we reject that contention. "[A] conviction will be reversed [as repugnant] only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered" (People v Tucker, 55 NY2d 1, 7 [1981], rearg denied 55 NY2d 1039 [1982]). That rule also applies when one codefendant is convicted of a crime while another is acquitted of the same crime (see generally People v Green, 71 NY2d 1006, 1008 [1988]; People v Hampton, 61 NY2d 963, 964 [1984]). With respect to the charge of resisting arrest against defendant's son, the jury's finding that the People failed to prove beyond a reasonable doubt that defendant's son "prevented or attempted to prevent a police officer from performing an authorized arrest of himself" did not negate any element of either the resisting arrest charge or obstructing governmental administration charge against defendant. Defendant further contends that the verdicts are repugnant because both he and his son relied upon the same defense at trial, i.e., that the son was never present, and the jury must have found that the son was not present in order to acquit him. We reject that contention inasmuch as it involves

"an attempt to divine the jury's collective mental process of weighing the evidence," which is prohibited (*Tucker*, 55 NY2d at 4).

Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Scudder, P.J., Smith, Centra, Peradotto and Pine, JJ.