OPINION OF THE COURT
Memorandum.
Ordered that the order is modified, on the law, by providing that the People’s motion to deem the accusatory instrument facially sufficient is denied as unnecessary and defendant’s motion, in effect, to dismiss the accusatory instrument is denied.
In January 2011, a misdemeanor complaint was filed charging defendant with criminal obstruction of breathing or blood circulation (Penal Law § 121.11 [a]), assault in the third degree (Penal Law § 120.00 [1]), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15) and harassment in the second degree (Penal Law § 240.26 [1]). The complaint alleged, among other things, that, on January 11, 2011 at about 1:37 p.m., defendant had placed his hands around the complainant’s neck and squeezed. The case was adjourned to April 11, 2011 so that the People could convert the complaint to an information. On March 1, 2011, the People filed a superseding accusatory instrument charging defendant with criminal obstruction of breathing or blood circulation, menacing in the third degree, attempted assault in the third degree, and harassment in the second degree. No supporting deposition was filed, and the People filed a statement of readiness for trial. On the April 11, 2011 adjourned date, defense counsel argued, among other things, that the superseding accusatory instrument was not an information because it contained hearsay statements by the complainant, and that no supporting deposition had been filed. The People argued that the complainant’s statements were admissible as excited utterances, and requested a motion schedule. The Criminal Court denied the People’s request, ruled that the accusatory instrument was not an information, and adjourned the case to May 3, 2011 for “conversion or 30.30.” On the May 3, 2011 *30 adjourned date, the People again requested motion practice, and the court set a motion schedule whereby the People would file a memorandum of law regarding the facial sufficiency of the second accusatory instrument, to which defendant would reply. Thereafter, by order dated September 8, 2011, the court denied “the People’s motion seeking to deem the superseding complaint a valid information” and dismissed the accusatory instrument. This appeal by the People ensued.
In order for an information to be facially sufficient, it (and/or any supporting depositions accompanying it) must allege non-hearsay allegations of fact of an evidentiary character that establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d 729, 731 [1986]). These requirements are jurisdictional (see People v Kalin, 12 NY3d 225 [2009]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d at 731), and the failure to meet these requirements may be asserted at any time, with the exception of a claim of hearsay, which is waived if it is not timely raised by motion in the trial court (see People v Casey, 95 NY2d 354 [2000]). It is noted that “a non-hearsay requirement is met so long as the allegation would be admissible under some hearsay rule exception” (People v Casey, 95 NY2d at 361).
. It is well settled that an out-of-court statement is properly admissible under the excited utterance exception to the hearsay rule when it is made under the stress of excitement caused by an external event, and is not the product of studied reflection and possible fabrication (see People v Johnson, 1 NY3d 302, 306 [2003]). “Underlying this exception is the assumption that a person under the influence of the excitement precipitated by an external startling event will lack the reflective capacity essential for fabrication and, accordingly, any utterance he makes will be spontaneous and trustworthy” (People v Edwards, 47 NY2d 493, 497 [1979]; see also People v Johnson, 1 NY3d at 306). In Edwards (47 NY2d at 497), the Court of Appeals stated that
“[t]he admissibility of an excited utterance is entrusted in the first instance to the trial court. In making that determination, the court must ascertain whether, at the time the utterance was made, the declarant was under the stress of excitement caused by an external event sufficient to still his reflective faculties, thereby preventing opportunity for deliberation which might lead the declarant to be un *31 truthful. The court must assess not only the nature of the startling event and the amount of time which has elapsed between the occurrence and the statement, but also the activities of the declarant in the interim to ascertain if there was significant opportunity to deviate from the truth. Above all, the decisive factor is whether the surrounding circumstances reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection.”
The superseding accusatory instrument in the case at bar states that the police officer had received a radio run at 1:37 p.m. on January 11, 2011, and had arrived at the location within a few minutes thereafter, where he observed the complainant standing outside in the cold without a coat, and wearing socks but no shoes. It further provided that the complainant was
“crying, upset, afraid and hysterical and that in this emotional demeanor [she] stated in a screaming, crying voice that the defendant choked her and that she could not breathe so that she then punched the defendant to get him off of her and that she then ran out of the apartment and that she had to leave.”
Although, based upon the foregoing factual allegations, neither the exact amount of time that elapsed between the alleged assault and the victim’s statement, nor the activities of the complainant in the interim, can be determined, the surrounding circumstances — i.e., that the complainant was outside in the cold with no coat or shoes on and her statement that she had run out of the apartment after defendant had choked her— reasonably justify the conclusion that the complainant’s remarks were not made under the impetus of studied reflection, which the Court of Appeals has decreed is to be the decisive factor (see People v Edwards, 47 NY2d at 497). Rather, we find them to be excited utterances, which are exceptions to the hearsay rule and thus admissible.
In view of the foregoing, the superseding information is facially sufficient, the People’s statement of readiness on March 1, 2011 was not illusory and, therefore, the 90-day period the People have to be ready for trial pursuant to CPL 30.30 has yet to expire. Consequently, defendant’s motion should have been denied.
Aliotta, J.P., Pesce and Rios, JJ., concur.