OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
Defendant was charged, in a prosecutor’s information, with attempted assault in the third degree (Penal Law §§ 110.00, *8 120.00 [1]), attempted criminal obstruction of breathing or blood circulation (Penal Law §§ 110.00, 121.11 [a]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]), based on allegations that defendant had beaten and choked his female companion. At a nonjury trial, the arresting officer testified that, while on motor patrol, she was flagged down by the victim, who was “crying, bleeding from the left side of her face, . . . highly upset,” and exhibiting “bruising and swelling.” The officer asked her “what was wrong,” whereupon the victim “pointed to the defendant,” who stood nearby among a crowd of onlookers, and stated that he had “assaulted” her. The victim’s statement was received into evidence, over objection, under the excited utterance exception to the hearsay rule. After photographs of the victim, taken shortly after the incident by the arresting officer, were admitted without objection, the People rested their case, noting that the victim, having apparently left the District Attorney’s jurisdiction, would not testify. The defense moved for a trial order of dismissal, arguing that the victim’s statement that defendant had “assaulted” her was “conclusory,” that the People’s failure to establish the time between the incident and the victim’s statement rendered it inadmissible as an excited utterance, and that, without the statement, the People’s proof was legally insufficient. The Criminal Court reserved decision on the motion, and the defense rested without presenting a case. Without ruling on the motion, the court convicted defendant of attempted assault in the third degree and acquitted defendant of the remaining charges. On appeal, defendant raises the arguments made in support of the dismissal motion, adding that, even if the victim’s statement was properly admitted, the proof was legally insufficient to establish defendant’s intent to commit the offense, and, if legally sufficient, the conviction was against the weight of the evidence.
An excited utterance results from “the stress of excitement caused by an external event sufficient to still . . . reflective faculties, thereby preventing opportunity for deliberation which might lead the declarant to be untruthful” (People v Edwards, 47 NY2d 493, 497 [1979]; see also People v Johnson, 1 NY3d 302, 306 [2003] [an excited utterance is one made “under the immediate and uncontrolled domination of the senses, and during the brief period when considerations of self-interest could not have been brought fully to bear by reasoned reflection”], *9 quoting People v Marks, 6 NY2d 67, 71 [1959]). It is “[t]he spontaneity of the declaration [that] guarantees its trustworthiness and reliability” (People v Cantave, 21 NY3d 374, 381 [2013]). The trial courts are accorded “wide discretion” in determining whether the standard of admissibility of such statements has been met, and their rulings “should not be disturbed on appeal” absent an abuse of that discretion (People v Carroll, 95 NY2d 375, 385 [2000]). There is no dispute as to the victim’s “agitated or stressed condition” at the time of the statement, and it cannot be said that the exception is inapplicable because it was uttered in response to a question (Edwards, 47 NY2d at 498-499; People v Gantt, 48 AD3d 59, 64 [2007]), which is “merely” a factor bearing on the analysis of a statement’s admissibility (People v Brown, 70 NY2d 513, 519 [1987]; see e.g. People v Fratello, 92 NY2d 565, 570-571 [1998]). Here, the challenge to the statement is based principally on the lack of evidence as to the precise time that elapsed between the attack and the accusation, which, defendant contends, renders the foundation proof insufficient to establish that the victim spoke with genuine spontaneity, uninfluenced by “the impetus of studied reflection” (Edwards, 47 NY2d at 497). Addressing this factor, the Johnson court stated:
“As we have several times noted, there can be no definite or fixed period of time within which the declaration must have been made, and each case must depend upon its own circumstances. ‘The test is whether the utterance was made before there has been time to contrive and misrepresent, i.e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance’ (People v Brown, 70 NY2d 513, 518 [1987] . . . ). Ultimately, ‘the time for reflection is not measured in minutes or seconds, but rather is measured by facts’ (People v Vasquez, 88 NY2d 561, 579 [1996] ...)....
“[T]he test [is] . . . whether the declarant is capable of studied reflection and therefore incapable of fabrication” (1 NY3d at 306-307; see also People v Cotto, 92 NY2d 68, 79 [1998]).
Thus, the failure precisely to establish the time that elapsed between an incident and a statement does not, standing alone, require that the statement be deemed inadmissible (see People v Smith, 170 AD2d 548, 548 [1991]; People v Valentine, 40 Misc 3d 28, 31 [App Term, 2d Dept, 2d, 11th & 13th *10 Jud Dists 2013]). The officer’s account of her initial encounter with the victim, the credibility of which is not questioned, permits the inference that the victim was fleeing the scene of an incident that had occurred shortly before, for example, to obtain medical attention, or protection from her assailant who stood nearby among a crowd of onlookers. Further, the injuries exhibited by the victim, most tellingly, a wound from which she was still bleeding, do not support defendant’s assertion that there may well have been “a significant lapse of time between the [statement] and the startling event” (People v Smith, 48 AD3d 298, 299 [2008]; see People v Livrieri, 125 AD3d 579, 579-580 [2015] [911 tape “reveals that the victim was in an agitated state and was still operating under the influence of defendant’s attack, notwithstanding intervening events”]; People v Sykes, 26 AD3d 203, 203 [2006] [while there was no testimony as to the time interval between the incident and the statement by a nontestifying parking garage attendant that two cars had been stolen at gunpoint, “(t)he evidence, including testimony as to the declarant’s demeanor, supported the conclusion that the robbery had just occurred and that the declarant was still under the influence of the stress of the incident”]; People v Johnson, 272 AD2d 555, 555 [2000] [statement of the victim who “flagged down a police vehicle” to report that he had just been robbed and who appeared “nervous” and “shocked” was properly admitted because “(t)he delay between the robbery and the declarations . . . was not sufficient to destroy the indicia of reliability upon which this hearsay exception rests”]). Certainly, there appears to be less time involved than the 10 to 15 minutes of driving through traffic by the victim, between an attack and her statement to friends, which was held in People v Auleta (82 AD3d 1417, 1419 [2011]) to not preclude, based on the victim’s agitated state, a finding that her accusation was an excited utterance. Similarly, in People v Hayes (21 Misc 3d 131[A], 2008 NY Slip Op 52089[U], *1 [App Term, 1st Dept 2008]), a statement was deemed an excited utterance notwithstanding that the incident occurred “within the previous 15 minutes at a location approximately 20 blocks away” from the scene of the statement. Thus, upon the available facts, it cannot be said that the Criminal Court abused its discretion when it ruled that the victim’s statement herein was admissible pursuant to the excited utterance exception to the hearsay rule.
We also find that the evidence was legally sufficient to support the verdict. Defendant does not challenge the suf *11 ficiency of the proof to establish the victim’s injuries. Defendant argues, rather, that the proof is insufficient to establish his specific intent to assault the victim as opposed to having acted negligently or recklessly. Here, there are no admissions and no direct proof of conduct, only the physical trauma suffered by the victim and her claim that defendant “assaulted” her, by which, she clearly meant, not the technical legal meaning of the term but simply that defendant had attacked her, and by inference, caused that physical trauma. Further, given that an excited utterance is admissible because the circumstances of the statement provide indicia of truthfulness and reliability, and viewing that evidence in the light most favorable to the People (People v Contes, 60 NY2d 620, 621 [1983]), we find that the proof was legally sufficient to support an inference that it was defendant who caused those injuries. Where, as here, there is “no direct evidence of. . . defendant’s mental state” (People v Smith, 79 NY2d 309, 315 [1992]), “[t]he intent to cause physical injury may be inferred from the conduct itself and the surrounding circumstances” (People v Johnson, 47 Misc 3d 152[A], 2015 NY Slip Op 50796[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see also People v Rodriguez, 17 NY3d 486, 489 [2011]; People v Bracey, 41 NY2d 296, 301 [1977]; People v King, 85 AD3d 820, 820 [2011]). As an inference is permitted that a person intends the natural consequences of his or her acts (People v Getch, 50 NY2d 456, 465 [1980]), proof of conduct and the physical consequences thereof, that is, that it was defendant who caused the injuries in a manner that the victim considered an “assault” and the nature of the injuries caused, suffices to establish the intent element of attempted assault in the third degree, even though the trial evidence did not establish precisely how the injuries were inflicted (compare Matter of Eric C., 281 AD2d 543, 544 [2001], with Matter of Wanji W., 277 AD2d 243, 244 [2000]; see also People v Williams, 42 Misc 3d 149[A], 2014 NY Slip Op 50400[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; People v Whatts, 116 AD3d 456, 457 [2014]; People v Johnson, 47 Misc 3d 152[A], 2015 NY Slip Op 50796[U], *2 [2015]; Matter of Shakura J., 4 Misc 3d 1017[A], 2004 NY Slip Op 50925[U] [Fam Ct, NY County 2004]). The victim’s excited declaration, which may be presumed truthful, and her objective physical condition which included both her agitated state and her multiple wounds, one still bleeding, sufficed to establish defendant’s guilt of attempted assault in the third degree.
*12 It is noted that “the testimony of a single witness [is] sufficient to support a conviction” (People v Arroyo, 54 NY2d 567, 578 [1982]) absent “hopeless contradictions . . . [which] make his or her testimony incredible or unreliable as a matter of law” (People v Calabria, 3 NY3d 80, 82 [2004] [internal quotation marks and citation omitted]). Accordingly, even where the testimony of the sole witness involves an excited utterance by a nontestifying declarant, the legal sufficiency of the proof is not thereby necessarily impaired (see People v Fratello, 92 NY2d at 572-573 [“excited utterance” identification of the defendant, by the nontestifying victim to witnesses, as the person who shot him sufficient to support a conviction]; People v Bradley, 22 AD3d 33, 43 [2005], affd 8 NY3d 124 [2006] [extrajudicial “excited utterance” by nontestifying declarant to investigating officers that it was the defendant who threw her through a glass door causing wounds observed by investigating officers, sufficient]).
Defendant further notes that where a defendant is acquitted of charges that are based on a theory of facts upon which a factfinder necessarily relied to convict on other charges, the propriety of the convictions may thereby be cast into doubt (see e.g. People v Fisher, 104 AD3d 868, 869 [2013]; People v Flint, 42 Misc 3d 144[A], 2014 NY Slip Op 50303[U], *1 [App Term, 1st Dept 2014]; People v Scott, 16 Misc 3d 40, 41 [App Term, 1st Dept 2007]). Here, the Criminal Court acquitted defendant of attempted criminal obstruction of breathing or blood circulation, menacing and harassment, but those acquittals were not, as in the cases cited by defendant, necessarily “conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered” (People v Tucker, 55 NY2d 1, 7 [1981]).
Finally, upon the exercise of our factual review power (CPL 470.15 [2]; see People v Danielson, 9 NY3d 342, 348-349 [2007]), we find that the verdict was not against the weight of the evidence, in view of the officer’s entirely credible testimony as to the victim’s accusation that defendant attacked her and of the victim’s appearance and demeanor, coupled with the photographic evidence of the victim’s physical condition after the attack.
Accordingly, the judgment of conviction is affirmed.
Elliot, J.P., Pesce and Solomon, JJ., concur.