The People of the State of New York, Respondent,
against
Phyllis Miley, Appellant.




Appellate Advocates (Hannah Zhao of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Jonnette Traill and Hannah X. Collins of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Douglas S. Wong, J.), rendered June 16, 2016. The judgment convicted defendant, upon a jury verdict, of endangering the welfare of a child, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, and the matter is remitted to the Criminal Court for a new trial.
Defendant was charged with endangering the welfare of a child (Penal Law § 260.10 [1]) and assault in the third degree (Penal Law § 120.00 [1]). At the close of evidence at a jury trial, the Criminal Court reduced the charge of assault in the third degree to attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]). Following the trial, defendant was convicted of endangering the welfare of a child and acquitted of attempted assault in the third degree.
Defendant's contention that the evidence was legally insufficient to establish her guilt of endangering the welfare of a child beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish defendant's guilt, beyond a reasonable doubt.
Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict was not against [*2]the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Contrary to defendant's contention, the acquittal of attempted assault in the third degree was not necessarily "conclusive as to a necessary element" of endangering the welfare of a child (People v Tucker, 55 NY2d 1, 7 [1981]; see People v Moore, 51 Misc 3d 6, 12 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Nevertheless, defendant is correct that reversal is required in light of the erroneous admission into evidence, under the present sense impression exception to the hearsay rule, of a recording of a 911 call, as the call had been made about one hour after the incident, during which time the caller, among other things, filled out a report and related the incident to another party who suggested the caller make the 911 call (see People v Matyszewski, 47 AD3d 646, 646 [2008]; People v Ortiz, 33 AD3d 1044 [2006]). Contrary to the People's assertion, defendant's contention is preserved for appellate review (see CPL 470.05 [2]). Moreover, the error in admitting the recording, which also constituted improper bolstering (see People v Spencer, 96 AD3d 1552, 1553 [2012]), was not harmless, as this case turned entirely on credibility and the proof of defendant's guilt was far from overwhelming (see People v Allen, 13 AD3d 892 [2004]).
In light of our determination, we need not reach defendant's remaining contentions.
Accordingly, the judgment of conviction is reversed and the matter is remitted to the Criminal Court for a new trial.
SIEGAL, J.P., PESCE and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 31, 2019