The People of the State of New York, Respondent,
against
Nazeer Vickers, Appellant. 




Appellate Advocates (David L. Goodwin of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Seth M. Lieberman of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Dena E. Douglas, J.), rendered September 20, 2016. The judgment convicted defendant, after a nonjury trial, of attempted assault in the third degree, menacing in the third degree and harassment in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an information with assault in the third degree (Penal Law § 120.00 [1]), criminal obstruction of breathing or blood circulation (Penal Law § 121.11 [a]), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]), all based upon allegations that he punched his then-pregnant girlfriend multiple times about the head and face and squeezed her neck. Prior to the start of a nonjury trial, the count of assault in the third degree was dismissed and the count of criminal obstruction of breathing or blood circulation was reduced to an attempt to commit that offense. At the conclusion of the evidentiary portion of the trial, defense counsel stated: "Move to dismiss; the People failed to make their case," which motion was denied by the Criminal Court. Ultimately, defendant was convicted of the attempted assault in the third degree, menacing in the third degree and harassment in the second degree charges, and acquitted of the charge of attempted criminal [*2]obstruction of breathing or blood circulation.
On appeal, defendant contends that the guilty verdicts were based upon legally insufficient evidence and were against the weight of the evidence. He further asserts that the complainant's 911 call was testimonial hearsay that, contrary to the trial court's determination, was not admissible as an excited utterance, and that the complainant's medical records, which were admitted into evidence, contained inadmissible hearsay information that unfairly bolstered the complainant's testimony. Lastly, defendant alleges that his trial counsel was ineffective for failing to move to reargue the admissibility of the 911 call based upon additional information provided by the complainant during her trial testimony.
Defendant's challenge to the legal sufficiency of the trial evidence is unpreserved (see CPL 470.05 [2]; People v Izzo, 57 Misc 3d 149[A], 2017 NY Slip Op 51514[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017] ["To the extent defendant argues that his conviction was not supported by legally sufficient evidence, this claim is unpreserved for our review since defendant made only general motions to dismiss at the end of the People's case and after both sides had rested"]). In any event, the judgment of conviction was based upon legally sufficient evidence. The complainant's testimony that defendant grabbed her neck during an argument, initially blocked her from leaving his apartment, and then punched her three times about the head and neck, together with the observations of, and multiple photographs taken by, a police officer of a swollen "knot" behind her left ear, an injury to her inner bottom lip and slight injuries to her left neck and right collarbone area, which were corroborated further by the independent observations of medical personnel, created a " 'valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the fact finder' " (People v Dubarry, 25 NY3d 161, 178 [2015], quoting People v Hines, 97 NY2d 56, 62 [2001]), i.e., that defendant committed the offenses of attempted assault in the third degree, menacing in the third degree and harassment in the second degree. 
Defendant's weight of the evidence challenge, too, is meritless. Upon the request of a defendant, this court "must conduct a weight of the evidence review" (People v Danielson, 9 NY3d 342, 348 [2007]). In doing so, this court accords great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Here, based upon the complainant's testimony, the photographic evidence, and the independent observations of both the police officer and medical personnel of the complainant's injuries, we find no basis to disturb the trial court's guilty verdicts.
As demonstrated above, when both the entirety of the complainant's 911 call and her hearsay statements contained within the medical records are excluded from consideration, the remaining evidence was legally sufficient to sustain the Criminal Court's guilty verdicts. The guilty verdicts also were not against the weight of this same, limited evidence. Therefore, assuming, without deciding, that it was error to admit into evidence the complainant's 911 call and portions of her medical records, the error would have been harmless, in light of the overwhelming evidence of defendant's guilt, and thus would not serve as a basis to vacate the [*3]guilty verdicts.
In view of the foregoing, we find that defendant's ineffective assistance of counsel claim similarly lacks merit (see Strickland v Washington, 466 US 668, 697 [1984] ["a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed"]; People v Benevento, 91 NY2d 708, 712 [1998]).
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J. and ALIOTTA, JJ., concur.
WESTON, J., dissents and votes to reverse the judgment of conviction and remit the matter to the Criminal Court for a new trial in the following memorandum:
In my opinion, the Criminal Court erred in admitting the complainant's statements in the 911 call as an excited utterance. In view of this error, and the lack of overwhelming evidence supporting defendant's conviction, I respectfully dissent and vote to reverse defendant's judgment of conviction.
Defendant was convicted, after a bench trial, of attempted assault in the third degree, menacing in the third degree, and harassment in the second degree. At trial, the complainant, who was pregnant with defendant's child, testified that defendant grabbed her by the throat and "choked" her for five to eight minutes following a verbal altercation. The complainant testified that she started to feel dizzy and was unable to breathe when defendant threw her to the couch. According to the complainant, when she attempted to leave the apartment, defendant ran toward the door and "kicked [her] groceries." The complainant testified that defendant then punched her three times about her face, causing a "knot" to form on the back of her neck, as well as scratches and bruises. 
After officers arrived at the scene, the complainant was taken to the hospital. Although the ambulance and hospital records indicate swelling to the left side of the complainant's head, nothing in those records contain any assertion by the complainant that defendant had choked her. To the contrary, the hospital records indicate that the complainant had told hospital personnel that she felt safe at home, that no one was threatening her, and that she did not fear her partner. 
Defendant's brother testified for the defense. He stated that after the incident, the complainant asked him if defendant was having a baby with someone else and asked for money "to help her baby." Defendant's brother further testified that the complainant threatened "to make[] sure my brother rots in jail" if his family did not help her.
On appeal, defendant contends, among other things, that the complainant's statements to [*4]the 911 operator were inadmissible as an excited utterance. I agree. An excited utterance or a " 'spontaneous declaration [is] . . . made contemporaneously or immediately after a startling event[,] which asserts the circumstances of that occasion as observed by the declarant' " (People v Cummings, 31 NY3d 204, 209 [2018], quoting People v Edwards, 47 NY2d 493, 496-497 [1979]). The trustworthiness of such an out-of-court statement is ensured by the fact that it is made impulsively under the influence of the startling event, with little time to reflect (see People v Cummings, 31 NY3d at 209, citing People v Caviness, 38 NY2d 227, 231 [1975]). 
Here, after listening to the 911 call, I cannot conclude that the complainant's statements to the 911 operator were made under the influence of a startling event. After the altercation with defendant, the complainant walked about a block away from defendant's home and called her parents. It was at her father's urging that the complainant called police. Nothing in the tone of complainant's voice on the 911 tape suggests that she was under the stress of a startling event. To the contrary, throughout the call, the complainant can be heard talking to the 911 operator calmly, coherently and deliberately (cf. People v Valentine, 40 Misc 3d 28 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013] [despite lack of proof as to the exact time that had elapsed between the alleged assault and the complainant's statement to police, the statement was properly admitted as an excited utterance, where the responding officer arrived at the location shortly after receiving a radio run and observed the complainant outside in the cold without a coat and without shoes, screaming and crying]). Given the lack of contemporaneity between the altercation and the 911 call, and the absence of any agitation or urgency in the complainant's voice on the call, the Criminal Court erred in admitting the statements contained in the 911 call as an excited utterance.
This error, in my opinion, was not harmless, but impermissibly bolstered the trial testimony of the complainant, who was the only testifying witness to the incident. Indeed, the prosecutor referred to the inadmissible statements in summation to suggest that they corroborated the complainant's trial testimony. Since the evidence of defendant's guilt was not overwhelming, but turned on the credibility of a single witness, the erroneous admission of the 911 call—together with the prosecutor's reference to that call to bolster the complainant's testimony—warrant reversal of defendant's conviction (see People v Johnson, 57 NY2d 969 [1982]; People v Crimmins, 36 NY2d 230 [1975]).
Accordingly, I vote to reverse defendant's judgment of conviction and order a new trial.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 11, 2019