People v Jennings (2021 NY Slip Op 00944)





People v Jennings


2021 NY Slip Op 00944


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


141 KA 18-00637

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERMAINE JENNINGS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (JOHN R. LEWIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered February 20, 2018. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, and the indictment is dismissed with leave to the People to re-present the charge of murder in the second degree to another grand jury.
Memorandum: Defendant appeals from a judgment convicting him, following a joint trial with the codefendant, of murder in the second degree (Penal Law § 125.25 [1]). Both defendant and the codefendant were charged with murder in the second degree by acting in concert and intentionally causing the death of the victim. The codefendant was acquitted.
Contrary to defendant's contention, the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant failed to preserve for our review his contention that the verdicts are repugnant based on the fact that the codefendant was acquitted (see People v McLaurin, 50 AD3d 1515, 1516 [4th Dept 2008]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.05 [6] [a]). We agree with defendant, however, that he was denied meaningful representation at trial inasmuch as there is no reasonable and legitimate trial strategy for defense counsel's failure to object to the repugnant verdicts (see generally People v Benevento, 91 NY2d 708, 712-713 [1998]; People v Baldi, 54 NY2d 137, 146-147 [1981]; People v Morales, 108 AD3d 574, 575 [2d Dept 2013]). We therefore reverse.
A verdict is repugnant only if, when viewed in light of the elements of each crime as charged to the jury, "it is legally impossible—under all conceivable circumstances—for the jury to have convicted the defendant on one count but not the other" (People v Muhammad, 17 NY3d 532, 539-540 [2011]; see People v DeLee, 24 NY3d 603, 608 [2014], rearg denied 31 NY3d 1127 [2018]). Stated differently, "a conviction will be reversed [as repugnant] only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime as charged, for which the guilty verdict was rendered" (People v Tucker, 55 NY2d 1, 7 [1981], rearg denied 55 NY2d 1039 [1982]). "The determination as to the repugnancy of the verdict is made solely on the basis of the trial court's charge and not on the correctness of those instructions" (People v Hampton, 61 NY2d 963, 964 [1984]). The repugnancy doctrine also applies when one codefendant is convicted of a crime while another is [*2]acquitted of the same crime (see McLaurin, 50 AD3d at 1516).
Here, the jury was instructed that the People had to prove beyond a reasonable doubt that defendant "direct[ed] [the codefendant] to emerge from a hiding place and shoot [the victim] in the head[,] which caused his death." The codefendant's acquittal was conclusive as to a necessary element of the crime of which defendant was convicted, i.e., murder in the second degree for the codefendant shooting the victim at the direction of defendant and causing the victim's death. By acquitting the codefendant, the jury negated an essential element of the crime for which defendant was charged, i.e., that the codefendant committed the offense at defendant's direction (see generally Hampton, 61 NY2d at 964; People v Demott, 188 AD2d 1068, 1069-1070 [4th Dept 1992]; cf. People v Palmer, 135 AD2d 1103, 1103 [4th Dept 1987], lv denied 71 NY2d 900 [1988]). Because the verdicts are repugnant, the indictment must be dismissed, with leave to re-present the murder in the second degree charge to another grand jury (see DeLee, 24 NY3d at 611).
In light of our determination, defendant's remaining contentions are academic.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court