People v Jennings (2021 NY Slip Op 07347)





People v Jennings


2021 NY Slip Op 07347


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


141 KA 18-00637

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERMAINE JENNINGS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (JOHN R. LEWIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered February 20, 2018. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. The judgment was reversed by order of this Court entered February 11, 2021 in a memorandum decision (191 AD3d 1429), and defendant on May 13, 2021 was granted leave to appeal to the Court of Appeals from the order of this Court (37 NY3d 957), and the Court of Appeals on November 18, 2021 reversed the order and remitted the case to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court (37 NY3d 1078 [2021]). 
Now, upon remittitur from the Court of Appeals and having considered the issues raised but not determined on the appeal to this Court,
It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.
Memorandum: This case is before us upon remittitur from the Court of Appeals (People v Jennings, 37 NY3d 1078 [2021], revg People v Jennings, 191 AD3d 1429 [4th Dept 2021]). Defendant and a codefendant were charged with murder in the second degree (Penal Law
§ 125.25 [1]), by acting in concert and intentionally causing the death of the victim. Following a joint trial, the codefendant was acquitted, but defendant was convicted as charged. We previously reversed the judgment convicting defendant, concluding that defendant was denied meaningful representation at trial because there was no reasonable and legitimate trial strategy for his defense counsel's failure to object to the repugnant verdicts (Jennings, 191 AD3d at 1429-1430). The Court of Appeals reversed, stating that defense counsel's "failure to challenge the verdict as repugnant did not render the representation ineffective because the issue was not clear-
cut and dispositive given the jury charge" (Jennings, 37 NY3d at 1079). The Court of Appeals remitted the matter to this Court for "consideration of the facts and issues raised but not determined" previously (id.).
After review of defendant's contentions upon remittitur, we affirm the judgment of conviction. Contrary to defendant's contention, we conclude that Supreme Court did not err in admitting in evidence photographs depicting the fatal injuries sustained by the victim. The photographs were "relevant to a material issue at trial, and elucidated the testimony of the medical examiner regarding the cause of death" (People v Lawson, 114 AD3d 962, 963 [2d Dept 2014], lv denied 23 NY3d 1064 [2014]; see People v Trinidad, 107 AD3d 1432, 1432 [4th Dept 2013], lv denied 21 NY3d 1046 [2013]). Defendant failed to preserve for our review his related contention that the limiting instruction given by the court did not mitigate the allegedly prejudicial effect of the photographs (see People v Delbrey, 179 AD3d 1292, 1296 [3d Dept 2020], lv denied 35 NY3d 969 [2020]; People v Irby, 140 AD3d 1319, 1323 [3d Dept 2016], lv denied 28 NY3d 931 [2016]), and we decline to exercise our power to review that contention as a [*2]matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Contrary to the further contention of defendant, defense counsel was not ineffective for failing to object to certain comments made by the prosecutor during summation or for failing to move for a mistrial based on those comments. The challenged statements "were fair comment on the evidence and did not constitute prosecutorial misconduct" (People v Inman, 134 AD3d 1434, 1435 [4th Dept 2015], lv denied 27 NY3d 999 [2016]; see People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]).
Additionally, we reject defendant's contention that defense counsel was ineffective in failing to cross-examine an eyewitness about her mental health history inasmuch as defendant failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged failure" (People v Nicholson, 26 NY3d 813, 831 [2016]). Finally, to the extent that defendant contends that defense counsel was ineffective for failing to make a record of the court's rulings concerning the witness's mental health records, the contention is based on matters outside the record and thus must be raised in a motion pursuant to CPL article 440 (see generally People v Maffei, 35 NY3d 264, 269-270 [2020]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court